MATTHEW T. LOUDON, PLAINTIFF-RESPONDENT, v. A. & M. KARAGHEUSIAN, INC., DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued November 24, 1952—Decided December 5, 1952.

Before Judges McGEEHAN, BIGELOW and JAYNE.

*Mr. Martin J. Kole* argued the cause for appellant (*Messrs. Stein and Stein,* attorneys; *Mr. Frederick Z. Feldman,* on the brief).

*Mr. Sol D. Kapelsohn* argued the cause for respondent (*Messrs. Kapelsohn, Lerner, Leuchter & Reitman,* attorneys).

*Mr. Clarence F. McGovern* argued the cause for Board of Review, Division of Employment Security, Department of Labor and Industry.

The opinion of the court was delivered

PER CURIAM. This appeal occasions the consideration of a decision of the board of review constituted under the terms of the Unemployment Compensation Law. *R. S.* 43:21–10(*d*).

We quote the findings of fact and conclusions of the Board:

"FINDINGS OF FACT:

The claimant is seventy-four years old. In June 1950, he voluntarily left his employment in a carpet factory because of his advanced age. He requested and was granted a small 'retirement' pension under the terms of an agreement which was in force between the employer and the labor union of which the claimant was a member.

For several months he did no work and sought none. In February, 1951, he accepted jobs repairing a skylight and painting a store front. On these jobs he performed manual labor but he was paid on a contract basis. He made no claim for benefits during this period.

On June 8, 1951 he filed a claim for benefits. He continued to report and to claim benefits through August 9, 1951. Shortly thereafter he was injured and he filed no further claims for benefits. Between June 8 and August 9 he made no applications for 'employment' on a wage basis but he did seek to obtain contract jobs involving his own manual labor. During this period he was physically able to perform work of that type. He was unwilling to accept factory work.

When he filed his claim for benefits he reported to the claims office all the facts connected with his particular situation. Thereafter he signed bi-weekly claims on which he stated that he was able to work, that he was available for work and that he was actively seeking work.

The claimant was paid benefits for the period in question."

"Upon filing his claim this particular claimant fully and honestly reported all the pertinent facts. There was no misrepresentation or non-disclosure. When thereafter he certified on his continued claims that he was able to work, that he was available for work and that he was actively seeking work he certified only to conclusions of law and not to facts. The true facts had already been reported.

If a claimant certifies that he is available for work, well knowing that he does not intend to work but keeping silent on that point, any benefits which he is paid may be recovered. This, however, is not due to a *misrepresentation of fact* in certifying that he is available, for availability is merely a conclusion of law. He is liable because he *failed to disclose* a material fact, his intent not to work.

The claimant was eligible for benefits from June 8 through August 9, 1951.

He is not liable for the refund or offset of benefits paid.

The decision of the Appeal Tribunal (ATB-14117-E) is reversed."

The statute then applicable (*R. S.* 43:21–16(*d*)) imposed liability upon a claimant who "by reason of the nondisclosure or misrepresentation by him or by another, *of a material fact* (whether or not such nondisclosure or misrepresentation was known or fraudulent) * * * to repay to the division for the unemployment compensation fund, a sum equal to the amount so received by him * * *." (Emphasis supplied.)

We affirm the determination of the board of review that the proof failed to establish the statutory obligation of the claimant to refund to the unemployment compensation fund the benefits he received. We have no occasion to consider the expanded terms of the amendatory statute. *L.* 1952, *c.* 187, § 7, effective July 1, 1952.

It is acknowledged that during the month of August 1951 the claimant sustained incapacitating bodily injuries in a mishap and has not since applied for any additional unemployment benefits. Consequently we do not find it necessary to express any opinion upon either the rationale or upon the propriety of the decision of the Board of Review concerning the eligibility of the claimant to receive unemployment benefits.

Judgment accordingly.